UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| *Plaintiff,* § | |
| § | Case No. 6-19-CV-00465-ADA-JCM |
| v. § | |
| § | |
| BAYLOR UNIVERSITY, § | |
| § | |
| *Defendant* § | |

### O R D E R

Came for consideration Plaintiff's Motion to Proceed Under Pseudonym, filed on November 11, 2019. Baylor did not timely respond. Pursuant to Western District Local Rules, the Court granted the Motion as uncontested. The parties, however, had previously agreed to extend the response deadline by way of stipulation. On November 20, Baylor filed its response. As such, the Court vacates its November 19, 2019 text order and enters this ruling.

Generally, parties to a lawsuit must identify themselves in their pleadings. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (hereinafter, "SMU"). Federal Rule of Civil Procedure 10 requires that a complaint include the names of all the parties. *See* Fed. R. Civ. P. 10(a). This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Additionally, Rule 17 provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P.17(a). The federal rules of procedure do not provide instruction regarding plaintiffs who wish to proceed anonymously with their lawsuits. *See SMU*, 599 F.2d at 712.

In *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (Unit A), the Fifth Circuit provided guidance for deciding whether to allow a party to proceed anonymously. Courts must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings. *See id*. at 186. There is no "hard and fast formula for ascertaining whether a party may sue anonymously," but three factors are entitled to considerable weight: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution. *See id*. at 185.

None of these factors are dispositive, but "[a] Judge . . . should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (emphasis in original), citing *SMU*, 599 F.2d at 713. For example, courts have considered potential threats of violence, in conjunction with other factors, when deciding whether to permit a party to use pseudonyms. *See Stegall*, 653 F.2d at 186. They have also considered the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, as well as fairness to the public. *Frank*, 951 F.2d at 323-24; *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264, 267-68 (E.D. Tex. 2007); *Doe v. Harris*, No. 14-0802, 2014 WL 4207599, at *3 (W.D. La. Aug. 25, 2014). In analyzing these factors, courts have noted the insufficiency of a plaintiff's allegations of embarrassment and harassment. *See Rose*, 240 F.R.D. at 267; *Frank*, 951 F.2d at 324.

In the instant case, Plaintiff invokes the second factor: to prosecute his case, he will be required to disclose information of the utmost intimacy. ECF No. 16-3 at 4. "He has been falsely branded as a perpetrator of sexual assault and domestic violence . . . . These are intensely private matters that have already cost Plaintiff his job at Baylor and have prevented him from obtaining comparable teaching positions at more than 100 educational institutions." *Id.* "Information of the utmost intimacy" has generally been found to involve matters such as birth control, abortion, homosexuality, transsexuality, mental illness, welfare rights of illegitimate children, prayer and personal religious beliefs. *See SMU*, 599 F.2d at 712, 713; *Doe v. United Services Life Ins.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988); *Doe v. Harris*, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014). The fact that a party may suffer some humiliation or personal embarrassment, standing alone, is insufficient to justify the use of a pseudonym. *See Frank*, 951 F.2d at 324.

Plaintiff's fundamental concern is the understandable embarrassment associated with the allegations of sexual misconduct Baylor leveled against him. Although the Court understands that Plaintiff may suffer some degree of humiliation and embarrassment based on the allegations discussed in the complaint, these concerns do not suffice to outweigh the public's right to access court proceedings. Moreover, this is not a case "where the injury litigated against would be incurred as a result of the disclosure" of plaintiff's identity. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). Taking Plaintiff's Declaration as true, much of his injury has already occurred. By his own account, he is already unemployable in academia as a result of Baylor's actions. *See* ECF No. 16-2 at 3. He is not suing to prevent disclosures from being made; rather, he has chosen to initiate this action to obtain compensation for Baylor's actions against him. Plaintiff's complaint indicates that the "cat is already out of the bag," and the Court will not attempt to put it back. *See Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003).

Plaintiff's Motion also includes an exhibit demonstrating that a Facebook commenter indirectly threatened him in December of 2018. ECF No. 16-2 at 7. He contends that if he is named in this litigation, he will be subjected to violence and harassment. ECF No. 16-2 at 4. He also notes that his whereabouts are easily determined, making him particularly vulnerable to anyone who wants to harm him. *Id.*

"The threat of hostile public reaction to a lawsuit, standing along, will only with great rarity warrant public anonymity." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (Unit A). Threats of violence considered by courts when determining whether a plaintiff should be allowed to proceed anonymously generally involve a fear of retaliation by the defendant or others in the community for initiating the lawsuit. *See Stegall*, 653 F.2d at 186 (considering the gravity of danger posed by the threats of retaliation against the plaintiffs for filing the suit); *Harris*, 2014 WL 4207599, at *3 (noting plaintiff who sought to proceed anonymously did not articulate a fear of retaliation for initiating the lawsuit); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("None of the evidence demonstrates that Doe plaintiffs are likely to face physical retaliation as a result of filing this lawsuit; therefore, they cannot proceed under pseudonyms").

Here, none of the allegations in Plaintiff's Motion suggest that he is at risk of any sort of retaliatory harm as a result of initiating this lawsuit. The year-old Facebook threat, while disconcerting, does not name the plaintiff, nor does it indicate that his identity is known to the commenter. Moreover, the parties to this litigation have referred to the plaintiff's alleged victim only by pseudonym, further obscuring the connection between Plaintiff, his accuser, and anyone wishing to harm the plaintiff. Because the relevant factors weigh against allowing Plaintiff to proceed under a pseudonym, his Motion is **DENIED.**

SIGNED this 2nd day of December, 2019.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE